IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT BELL,<br><br>    Plaintiff,<br><br>v.<br><br>TECHNICRAFT COLLISION REPAIR EXPERTS, LLC,<br><br>    Defendant. | Case No.: 21-6140<br><br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, SCOTT BELL ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendant, TECHNICRAFT COLLISION REPAIR EXPERTS, LLC ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages for violations of: (1) the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"), for Defendant's failure to provide Plaintiff with a proper notice of his right to continuation of his medical insurance coverage under Defendant's group health plan after the termination of his employment; and (2) the Illinois Wage Payment and Collection Act ("IWPCA"), for Defendant's failure to pay Plaintiff's full and complete final compensation after the termination of his employment.

**JURISDICTION AND VENUE**

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States. Jurisdiction is also proper in this Court pursuant to 29 U.S.C. §

1132(e) and (f). This Court has supplemental jurisdiction over Plaintiff's IWPCA state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. Venue is also proper in this Court pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff is an individual who, during the relevant time periods alleged herein, resided in Oak Lawn, Illinois and Merrillville, Indiana.

5. Defendant is a limited liability company of the State of Illinois, which has its principal place of business in Justice, Illinois.

## FACTUAL ALLEGATIONS

6. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

7. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than twenty (20) employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event . . . to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

8. Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

9. COBRA further requires the administrator of such a group health plan to provide

notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary [of Labor]". 29 U.S.C. § 1166(a).

10. This COBRA notice letter is required to provide important detailed information to individuals to allow them to make informed decisions about their healthcare options for themselves and their family members that depend on them, before they lose healthcare coverage.

11. To that end, the Secretary of Labor identified important information that must be included in a COBRA notice letter as set forth in 29 C.F.R. § 2590.606-4(b)(4). The Department of Labor also provides a Model COBRA Continuation Coverage Election Notice as an appendix to said regulation and on its website. While not required, "[u]se of the model notice, appropriately modified and supplemented, will be deemed to satisfy the notice content requirements of paragraph (b)(4) of this section." 29 C.F.R. § 2590.606-4(g).

12. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory damages of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1. In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and costs of action pursuant to 29 U.S.C. § 1132(g)(1).

13. Defendant is the plan sponsor and plan administrator of Defendant's group health benefit plan (the "Plan").

14. On information and belief, Defendant employed more than twenty (20) employees on a typical business day during the calendar year preceding the operative events alleged herein.

15. Defendant is the Plan sponsor within the meaning of 29 U.S.C. § 1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A).

16. The Plan provides medical benefits to Defendant's employees and their beneficiaries and is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1) and a "group health plan" within the meaning of 29 U.S.C. § 1167(1).

17. Plaintiff began his employment with Defendant on or about September 3, 2017.

18. Plaintiff's employment with Defendant was terminated on November 30, 2019, which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering Plaintiff a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

19. Plaintiff was not terminated for gross misconduct.

20. Defendant did not provide Plaintiff with notice of his right to continue his healthcare coverage upon the occurrence of this "qualifying event" at the time of his termination, nor within 44 days thereafter.

21. During or about March of 2020, Plaintiff was unexpectedly hospitalized for approximately one week. It was at this time that Plaintiff became aware of his rights under ERISA and COBRA, specifically that Defendant should have provided him with notice of his right to continue his healthcare coverage.

22. Plaintiff then contacted his former employer to inquire as to whether he could continue his healthcare coverage as provided by law.

23. During his hospitalization, Plaintiff's doctor informed Plaintiff that he required cardiovascular surgery, but Plaintiff's doctor would not perform the surgery because Plaintiff did not have medical insurance coverage.

24. On or about March 30, 2020, subsequent to his hospitalization, Plaintiff received

an email from Defendant's insurance agent, Mike Parenti ("Parenti"), with an application to enroll Plaintiff in Defendant's group healthcare plan in which Plaintiff had previously been enrolled. Parenti stated to Plaintiff that it was up to the insurance company, BlueCross BlueShield of Illinois, as to whether or not Plaintiff could be reinstated to the plan. However, at this time, Plaintiff still had not received a COBRA notice letter as required by law.

25.   On or about April 16, 2020, Parenti sent Plaintiff another email stating that Plaintiff needed to pay Defendant $3,183.83 for the retroactive healthcare coverage no later than April 22, 2020.

26.   On or about May 15, 2020, Plaintiff received an email from Defendant's employee and agent, Cathy Gray, which had attached to it an "Election Form" and an "Illinois Employee Continuation Election Form" (hereafter, the "forms"), copies of which are attached hereto as Exhibit A.

27.   Defendant, the plan sponsor and plan administrator of the Defendant's group health benefit plan (the "Plan"), violated ERISA by failing to provide Plaintiff with adequate and timely notice, as prescribed by COBRA, of Plaintiff's right to continue his health coverage upon the occurrence of a "qualifying event" as defined by the statute within forty-four (44) days. 29 C.F.R. § 2590.606-4(b)(2). Furthermore, the forms which Defendant did ultimately provide to Plaintiff failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4.

28.   As a result, Plaintiff lost his medical, health, and dental insurance coverage, resulting in Plaintiff incurring significant expenses for medical and dental treatment.

29.   Defendant's failure to send a timely COBRA notice caused Plaintiff an informational injury when Defendant failed to provide Plaintiff with information to which Plaintiff was entitled to by statute, namely a COBRA election notice containing all information required

by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a) within the statutory time frame. Through ERISA and then COBRA, Congress created a right, the right to timely receive the required COBRA election notice, and an injury, not receiving a timely and proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Defendant injured Plaintiff by failing to provide the required information timely.

30. Besides the informational injury suffered, Plaintiff also suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and creating economic barriers to Plaintiff's ability to access medical care, due to Defendant's untimely COBRA election notice. Besides a paycheck, insurance is one of the most valuable things employees get in exchange for working for an employer like Defendant. Insurance coverage has a monetary value, the loss of which is a tangible economic injury.

31. Plaintiff also suffered economic injury in the form of medical and dental expenses Plaintiff incurred, which could have been covered under Defendant's healthcare plan had Plaintiff be timely informed of his right to continue his healthcare coverage under COBRA.

32. Defendant cannot cure its failure to send a timely COBRA notice with a late notice. Pursuant to 29 C.F.R. § 2590.606-4(b)(2), Plaintiff, as a participant in the Plan, was entitled to notice of Plaintiff's right to elect COBRA coverage within forty-four (44) days of Plaintiff's qualifying event. Here, Defendant failed to provide a timely notice.

33. When Plaintiff's employment with Defendant was terminated, Plaintiff had accumulated 58 hours of paid vacation time which he had not used.

34. Pursuant to Plaintiff's agreement with Defendant, Plaintiff was entitled to be paid for all unused vacation time at the time of his termination. Defendant had previously paid Plaintiff for unused vacation time at the end of each calendar year and, on information and belief, had the

same agreement with all of its employees.

35. Plaintiff's rate of pay at the time of his termination was $17.00 per hour.

36. Defendant never paid Plaintiff for his 58 hours of unused vacation time.

37. Defendant is also withholding a $10,000 life insurance policy which was provided to Plaintiff as a benefit of his employment with Defendant.

## COUNT I
## VIOLATION OF 29 U.S.C. § 1166(a) AND 29 C.F.R. § 2590.606-4

38. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 37 above as if reiterated herein.

39. The Plan is a "group health plan" within the meaning of 29 U.S.C. § 1167(1).

40. Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

41. Plaintiff experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that he had experienced such a qualifying event.

42. On account of such qualifying event, Defendant failed to send Plaintiff a timely COBRA notice.

43. Defendant's failure to send Plaintiff a timely COBRA notice violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4.

44. These violations were material and willful.

45. Defendant knew that it should have sent timely notice consistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, in deliberate or reckless disregard of the rights of Plaintiff.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

46. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 45 above as if fully reiterated herein.

47. Pursuant to the IWPCA, employers are required, by law, to "pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

48. In addition, "whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation." 820 ILCS 115/5.

49. Defendant failed to pay Plaintiff's full final compensation, including his earned and unused vacation time and life insurance policy.

50. Defendant, by its failure to pay Plaintiff's full final compensation, violated the IWPCA.

51. The IWCPA provides that "[a]ny employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover…the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14(a).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, SCOTT BELL, respectfully prays this Honorable Court enter judgment against Defendant, TECHNICRAFT COLLISION REPAIR EXPERTS, LLC, as follows:

a. Declaring that Defendant's failure to send a timely COBRA notice to Plaintiff violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

b. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to fail to send timely COBRA notices;

c. Awarding statutory damages to Plaintiff pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each for each day Defendant failed to send Plaintiff a proper COBRA notice;

d. Awarding actual damages incurred by Plaintiff as a result of Defendant's failure to timely send Plaintiff a proper COBRA notice, including, but not limited to, all medical and dental expenses paid and incurred by Plaintiff;

e. Awarding Plaintiff all final compensation, plus the statutory 5% per month damages pursuant 820 ILCS 115/14(a);

f. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees as provided by 29 U.S.C. § 1132(g)(1) and 820 ILCS 115/14(a); and

g. Granting such other and further relief, in law or equity, as this Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

SCOTT BELL

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

# EXHIBIT A

# ELECTION FORM

I have read the provisions of the Consolidated Omnibus Budget Reconciliation Act (COBRA), which was signed into law on April 7, 1986 as Public Law 99-272. My circumstances are as follows:

(Check)

☐ I have been advised of my rights under the above legislation and I do not elect to continue my coverage.

☐ I am a former employee and wish to continue my coverage under my employer's group coverage for a maximum of 18 months. My coverage would otherwise terminate because:

☐ Reduction or work hours
☐ Lay-off
☐ Discharge
☐ Other (describe)

I understand that I am obligated to pay the full cost of my coverage to my employer including the amount normally paid in my behalf by my employer. My dependents will also be covered.

☐ I am a dependent covered under a plan providing insurance, and I wish to be covered as an insured for a maximum of 36 months because of:

☐ Separation or divorce
☐ Medicare ineligible spouse or child of a Medicare covered worker
☐ Dependent child losing coverage because of attaining the limiting age
☐ Other (describe)

I understand that I am obligated to pay the full cost of my coverage to my employer including the amount normally paid in my behalf by my employer.

Signed: _____

Name (Print):                                  Date:

Group Number:                              Employee Number:

Employer Name:

Employer Address:

**BlueCross BlueShield of Illinois**

**ILLINOIS EMPLOYEE CONTINUATION ELECTION FORM**

## What is the Illinois Employee Continuation Privilege?

The Illinois employee continuation privilege protects a covered employee and dependents who lose group health insurance coverage due to employee's termination or reduction in hours.

## Who Is Eligible for Illinois Employee Continuation Privilege?

Employee continuation may be triggered when a **qualifying event** occurs, including employee's job termination or reduction in hours, as follows:

- The employee and eligible dependents must have been continuously covered under the group plan for 3 months prior to the qualifying event.

Illinois employee continuation **does not apply** if:

- You were terminated for committing a work-related felony for which your employer was in no way responsible, and you have admitted to or been convicted of such felony;
- You were terminated for committing a work-related theft for which your employer was in no way responsible and you have admitted to or been convicted of such theft;
- You are covered by Medicare; or
- You are covered by any other insured or self-insured plan of group hospital, surgical or medical coverage.

## How to Elect Illinois Employee Continuation Privilege

The completed Election Form must be returned to Blue Cross and Blue Shield of Illinois (BCBSIL) no later than thirty (30) days after the receipt of the notification letter in the provided envelope, by certified mail, return receipt requested.

## Explanation of Your Employee Continuation Privilege

Benefits under Illinois employee continuation privilege will continue unchanged. However, separate supplemental benefits such as dental may no longer be available under the continuation coverage.

Continuation resulting from an employee's termination or reduction of hours shall be offered for a maximum period of **12 months** from when termination or reduction in hours began.

The premium for Illinois employee continuation for you, your spouse and dependent children may not exceed that of the group rate. You are responsible for paying the entire premium for the coverage, including the portion which was formerly paid by your employer.

Your employee continuation **may terminate earlier** than the maximum period if:

- You become eligible for Medicare;
- You are covered by any other insured or self-insured group medical, hospital or surgical plan;
- You fail to make timely premium payments for coverage;
- Your employer terminates participation under the group policy and does not replace it with another group policy.

Divisions of Health Care Service Corporation, a Mutual Legal Reserve Company, an Independent Licensee of the Blue Cross and Blue Shield Association

*24056.0212*



# ILLINOIS EMPLOYEE CONTINUATION ELECTION FORM

☐ I hereby accept Illinois employee continuation coverage

*or*

☐ I hereby decline

| Last Name | First Name | Middle Initial |
|---|---|---|
| | | |

| Street Address | City | State | Zip Code |
|---|---|---|---|
| | | | |

| Sex:<br>☐ Male<br>☐ Female | Coverage:<br>(only select options available on the notification letter)<br>☐ Medical<br>☐ Dental | Date of Birth<br>Mo/Day/Year | Social Security Number | Telephone Number |
|---|---|---|---|---|

| Group Number | Subscriber ID Number | Coverage Termination Date |
|---|---|---|
| | | |

**List Full Name of All Dependents To Be Covered**

| Name of Dependent | ☐ Male | ☐ Female | Date of Birth Mo/Day/Year | Social Security Number |
|---|---|---|---|---|

Complete **ONLY** if different than applicant
Street Address / City / State / Zip Code

| Name of Dependent | ☐ Male | ☐ Female | Date of Birth Mo/Day/Year | Social Security Number |
|---|---|---|---|---|

Complete **ONLY** if different than applicant
Street Address / City / State / Zip Code

-Continued-

Divisions of Health Care Service Corporation, a Mutual Legal Reserve Company, an Independent Licensee of the Blue Cross and Blue Shield Association

*24056.0212*



# ILLINOIS EMPLOYEE CONTINUATION ELECTION FORM

| Name of Dependent | ☐ Male | ☐ Female | Date of Birth Mo/Day/Year | Social Security Number |
|---|---|---|---|---|
| Complete **ONLY** if different than applicant Street Address | | | City        State | Zip Code |
| Name of Dependent | ☐ Male | ☐ Female | Date of Birth Mo/Day/Year | Social Security Number |
| Complete **ONLY** if different than applicant Street Address | | | City        State | Zip Code |

I understand that I am electing IL employee continuation of coverage. I certify I have read the continuation material furnished by Blue Cross and Blue Shield of Illinois (BCBSIL) and I am eligible for coverage. All information given on the Election Form is true and correct. I understand and agree: (1) any incorrect statements material to the eligibility for coverage shall invalidate the coverage, and (2) although I have elected coverage, only those coverage(s) for which I or my dependents are eligible will be available to me.

I understand that I have the sole obligation to pay the required premiums to the employer on the established due date. If I fail to pay such premiums within that time, the continued coverage may be cancelled as of the last day for which premiums were paid.

Please complete and return this form by certified mail, return receipt requested, in the provided envelope to BCBSIL:

Blue Cross and Blue Shield of Illinois
P.O. Box 805107
Chicago, Illinois  60680-3625

Your signature: _____    Date: _____

Divisions of Health Care Service Corporation, a Mutual Legal Reserve Company, an Independent Licensee of the Blue Cross and Blue Shield Association

*24056.0212*